

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

State Department of Education
Austin, Texas

Gentlemen:

Att'n: Mr. T. E. Trimble, First
Assistant State Superintendent.

Opinion No. 0-1737
Re: Traveling expenses of State
employees to conventions.

Your letter of November 23, 1939, requesting an opinion from this department, reads as follows:

"Under the provisions of the rider of the General Appropriations Bill of the Forty-sixth Legislature occurs the following language:

"'No moneys herein appropriated shall ever be spent to pay the traveling expenses of any State employee to any type of convention within the State or without the State.'

"It is our desire to know whether under the said language quoted above traveling expenses may be paid to employees of the State Department of Education to attend the following meetings:

"1. An assembly called by the Legislative Committee in charge of the approval and distribution of funds appropriated under the Equalization Act of H. B. No. 933;

"2. An assembly of Deputy State Superintendents, called by the Chairman of said Legislative Committee in charge of the distribution of rural aid, at times and places named by said Chairman to discuss equalization problems;

"3. An assembly of Deputy State Superintendents and other employees of the State Department of Education working in various sections

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

of the State called by the State Superintendent
for instructions in regard to standardization, class-
ification, accrediting of schools, and the distri-
bution of the equalization fund; and

"4. An assembly of school officials, at which
an employee of the State Department of Education
is assigned to give instructions, to interpret de-
partmental rules, regulations, and policies, and
to discuss other matters of administration, pertain-
ing to or directed by law."

Obviously it could not have been intended by the
Legislature that the restriction against paying traveling ex-
penses to conventions should apply to authorized meetings
called by agencies of government for the purpose of accom-
plishing the functions of government imposed upon them. To
apply such a construction would be to impute to the Legisla-
ture the intent to paralyze by indirection the administration
of the very affairs of government for which appropriations
were made at length in Senate Bill 427 of the 46th Legisla-
ture. We are impelled, therefore, to the conclusion that
the Legislature used the word "convention" in its especial
or popular, rather than its broad, significance, conveying
the idea, generally, of a meeting of members or delegates
of a private organization, party, club, society, or the like,
for the accomplishment of some common object.

Applying the above definition to the situations
presented by you, in their numerical order, we advise:

1. The traveling expense rider quoted in your
letter does not prevent reimbursement for traveling expenses
of a State employee, in the first situation presented by you.

2. The traveling expense rider quoted in your
letter does not prevent reimbursement for traveling expenses
incurred by a State employee, in the second situation pre-
sented by you.

3. The traveling expense rider quoted in your
letter does not prevent reimbursement for traveling expenses
incurred by a State employee, in the third situation pre-
sented by you.

4. In your fourth situation, sufficient details are not given us with regard to the nature of the assembly of school officials, to enable us to determine whether such assembly of school officials is a convention within the meaning of the traveling expense rider quoted, as construed by us above. You give in detail the work which the employee of the State Department of Education is assigned to perform at such assembly, but your attention is directed to the fact that, so far as the rider quoted above is concerned, the employee's right to reimbursement for traveling expenses depends, not upon the character of the work performed by him, but upon the nature of the meeting which he attends. From what we have stated above, in this opinion, you will doubtless be able to determine for yourself whether the assembly of school officials to which you refer is a "convention," within the meaning of the traveling expense rider quoted.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

by      (signed)

R. W. Fairchild
Assistant

RWF:pbp

APPROVED DEC. 4, 1939

/s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

(STAMP) APPROVED
OPINION
COMMITTEE
By _BWB_